UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

MARK ROGOLINO, individually and
on behalf of all other similarly situated,

    *Plaintiff*,

  v.

WALMART, INC.,

    *Defendant*.

CASE NO.

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332(d), 1441(a), 1446, and 1453, Defendant Walmart Inc. ("Walmart") hereby effects the removal of a state court civil action titled *Rogolino v. Walmart, Inc.*, No: 562024CA001358AXXXHC, from the Circuit Court of the Nineteenth Judicial Circuit in and for St. Lucie County, Florida (the "State Court Action") to the United States District Court for the Southern District of Florida.

For the sole and limited purpose of establishing the basis of this Court's jurisdiction, Walmart assumes the truth of Plaintiff Mark Rogolino's allegations, but Walmart denies any liability in this case, both as to Plaintiff's individual claims and as to the claims of the members of the proposed class. In alleging the amount in controversy and other matters in this removal pleading, Walmart does not concede any liability, damages or any other claims or defenses. Walmart is only stating what the stakes of litigation could be under Plaintiff's allegations. *See Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010) ("the plaintiffs' likelihood of success on the merits is largely irrelevant to the court's jurisdiction because the pertinent question is what is *in controversy* in the case, not how much the plaintiffs are ultimately likely to recover" (citations and internal quotation marks omitted)).

Removal is proper under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §1332(d), because (1) this case is a putative class action in which the proposed class exceeds 100 members, (2) at least one member of the putative class is diverse from Defendant, and (3) the aggregate amount in controversy exceeds $5 million. Venue is proper in this Court because it is the "district and division embracing the place where [the] action is pending." 28 U.S.C. § 1441(a); *see also* 28 U.S.C. § 89(c). This Notice of Removal is timely because Defendant is filing it within thirty days of the date of service. *See* 28 U.S.C. § 1446(b).

## PLEADINGS AND PROCESS

1. On July 24, 2024, Plaintiff Mark Rogolino filed a putative class action complaint in the Circuit Court of the Nineteenth Judicial Circuit in and for St. Lucie County, Florida as Case No: 562024CA001358AXXXHC in which Walmart has been named as the Defendant. The Complaint and its exhibit are attached as **Exhibit A**.

2. On August 23, 2024, Plaintiff served Walmart with a summons and complaint for this action. The summons and complaint served on Walmart on August 23, 2024 are attached as **Exhibit B**.

3. Walmart has not yet responded to the Complaint and no substantive matters have been addressed in the State Court Action. Pursuant to 28 U.S.C. § 1446(a), copies of all other process, pleadings, and orders that have been filed in the State Court Action are attached as **Exhibit C** to this Notice of Removal.

## THE ALLEGATIONS OF THE COMPLAINT

4. The Complaint alleges that Mr. Rogolino placed an order with Walmart on or about November 24, 2023. Ex. A., Compl. ¶ 17.

5. The Complaint asserts that Mr. Rogolino was given the option to have the product delivered to his home or to pick it up at one of Walmart's store locations, but he opted to have the product delivered and was charged a $19.95 delivery charge. *Id.* ¶¶ 17–18.

6. The Complaint alleges that Walmart collected a 7% sales tax on the delivery fee. *Id.* ¶¶ 19, 21.

7. The Complaint contends that under Rule 12A-1.045 of the Florida Administrative Code, it is unlawful to charge and collect sales tax on a delivery fee when the customer, at his or her option, can avoid the fee by picking up the product or good purchased. *Id.* ¶¶ 20, 52.

8. Plaintiff seeks certification of a class consisting of: "[a]ll persons in Florida who, during the four years prior to the filing of this lawsuit, [were] charged by Defendant and paid sales tax on a delivery fee that was separately stated on an invoice or receipt when the person had the option to pick up the order at one of Defendant's locations in Florida." *Id.* ¶ 28.

9. Plaintiff brings putative class claims against Walmart for "Negligence" and "Declaratory and Injunctive Relief," and seeks, among other relief an award of "compensatory and punitive damages, including pre-judgment interest, and costs of this action," *id.* ¶ 47, and injunctive relief enjoining Walmart from charging or collecting sales tax in Florida on delivery fees that are separately stated on an invoice and can be avoided at the option or election of the consumer, *id.* ¶ 58.

## REMOVAL IS PROPER UNDER CAFA, 28 US.C. § 1332(D)

10. CAFA provides that federal courts have original jurisdiction over putative class actions in which (1) there are at least 100 members in the proposed class; (2) the amount in controversy exceeds $5 million, exclusive of interest and costs; and (3) any member of the putative class is diverse from any defendant. *See* 28 U.S.C. § 1332(d); *see also Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013)).

11. Pursuant to 28 U.S.C. § 1441(a), any civil action filed in the Circuit Court of the Nineteenth Judicial Circuit in and for St. Lucie County, Florida that meets CAFA's jurisdictional requirements may be removed to this Court.

12. Under CAFA, there is no presumption against removal to federal court. *See Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014); *see also Pinchasov v. Robinhood Fin., LLC*, No. 20-24897, 2021 WL 4991104, at *2 (S.D. Fla. Feb. 17, 2021) ("The Eleventh Circuit recognizes *Dart Cherokee Basin Operating Co.* removed 'any presumption in favor of remand in deciding CAFA jurisdictional questions.'" (citation omitted)).

13. Instead, "[t]he party removing an action under CAFA bears the burden of establishing that CAFA's requirements have been met by a preponderance of the evidence, meaning that the removing party must show that it is more likely than not that CAFA's requirements have been met." *Lee-Bolton v. Koppers Inc.*, 848 F. Supp. 2d 1342, 1346 (N.D. Fla. 2011) (citing *Pretka*, 608 F.3d at 752). This burden may be satisfied through various means including "affidavits, declarations, or other documentation," *Pretka*, 608 F.3d at 755.

14. As set forth below, this action satisfies each of the jurisdictional requirements of § 1332(d)(2). Removal of the action to this Court is proper under CAFA, because the putative class is numerous; the parties are minimally diverse; and the amount-in-controversy exceeds $5 million.

### A. The Putative Class Exceeds 100 Members.

15. Removal of a putative class action requires a showing that the number of proposed class members is 100 or more. *See* 28 U.S.C. 1332(d)(5)(B).

16. The Complaint defines the class as "[a]ll persons in Florida who, during the four years prior to the filing of this lawsuit, [were] charged by Defendant and paid sales tax on a delivery fee that was separately stated on an invoice or receipt when the person had the option to pick up the order at one of Defendant's locations in Florida." Compl. ¶ 28.

4

17. On the face of the complaint, it is reasonable to infer that the number of class members exceeds 100 because the complaint asserts that the amount in controversy is at least $30,000, *id.* ¶ 9, and Plaintiff's alleged damages are $1.39 (a 7% sales tax on a $19.95 express delivery charge).

18. Accordingly, assuming Plaintiff is typical of the class as he alleges, *see id.* ¶ 34, that would equate to roughly 21,582 class members ($30,000 divided by $1.39). *See Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061–62 (11th Cir. 2010) (holding that district courts may make "reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that a case is removable" (internal citation and quotation marks omitted)).

19. In fact, the volume of transactions in Florida during the period of July 24, 2020, to July 24, 2024, in which customers to our website or mobile application had purchased items that were available for pick-up at a store but, instead, chose to have the items delivered or shipped, and paid sales tax on those delivery/shipping fees, is over 12 million. *See* **Exhibit F** (Declaration of Kristin Spencer) ¶ 5.

20. Those orders went to over 2 million different addresses, which represents the approximate number of customers involved in those transactions. *See id.* ¶ 6.

21. Accordingly, the putative class is over 2 million, which exceeds 100. *See, e.g.*, *Law Off. of William J. Scott, P.A. v. ScanSTAT Techs., LLC*, No. 3:22-CV-1188-HES-JBT, 2023 WL 3751600, at *2 (M.D. Fla. Apr. 28, 2023) ("by preponderance of the evidence, this Court finds that the proposed class contains at least 100 members").

    **B.**    <u>**The Amount in Controversy Exceeds $5,000,000.**</u>

22. Pursuant to CAFA, a class action is removable if "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." *See* 28 U.S.C. § 1332(d)(2). The

CAFA amount in controversy is calculated by aggregating the claims of the entire putative class. *Id.* § 1332 (d)(6).

23. Instead of pleading a specific number, the Complaint simply alleges—in the context of attempting to satisfy a state-court-specific jurisdictional threshold—that the amount in controversy "exceeds the sum or value of $30,000." Compl. ¶ 9.

24. However, courts are not powerless against "obfuscating tactics" to defeat federal jurisdiction such as drafting "pleadings in a way that d[oes] not specify an approximate value of the claims," *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1064 (11th Cir. 2010). In fact, "jurisdictional ambiguities of a plaintiff's own creation generally weigh in favor of removal." *Stephenson v. Amica Mut. Ins. Co.*, No. 6:14-CV-978, 2014 WL 4162781, at *3 n.4 (M.D. Fla. Aug. 21, 2014) (internal citations omitted).

25. "Where, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *Pretka*, 608 F.3d at 752 (quoting *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001)). Notably, "a removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Id.* at 754. Instead, in making this determination, the Eleventh Circuit "permits district courts to make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings to determine whether it is facially apparent that a case is removable." *Roe*, 613 F.3d at 1061–62 (quoting *Pretka*, 608 F.3d at 754). In short, the district "court may rely on evidence put forward by the removing defendant, as well as reasonable inferences and deductions drawn from that evidence." *See S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315 (11th Cir. 2014).

26. Although Walmart denies that Plaintiff's claims have any merit and disputes that Plaintiff and putative class members are entitled to any relief, Walmart avers for the limited purpose of meeting CAFA's jurisdictional requirement for removal, that Plaintiff's allegations put in controversy an amount exceeding $5 million, exclusive of interest and costs. See *id*. (explaining that the amount in controversy is "less a prediction of 'how much the plaintiffs are ultimately likely to recover,' than it is an estimate of how much will be put at issue during the litigation; in other words, the amount is not discounted by the chance that the plaintiffs will lose on the merits"); *Pretka*, 608 F.3d at 752 ("the pertinent question is what is *in controversy* in the case, not how much the plaintiffs are ultimately likely to recover" (citations and internal quotation marks omitted));

27. Plaintiff seeks, among other things: (1) compensatory damages, Compl. ¶ 47; (2) punitive damages, *id.*; and (3) an injunction preventing Walmart from charging or collecting sales tax in Florida on separately invoiced delivery fees that can be avoided at the option or election of the consumer, *id.* ¶ 58.

28. As explained below, the amount in controversy exceeds $5 million when taking into account the relief Plaintiff seeks.

   1. **Compensatory Damages**

29. The Complaint purports to be brought on behalf of a putative class of "[a]ll persons in Florida who, during the four years prior to the filing of this lawsuit, [were] charged by Defendant and paid sales tax on a delivery fee that was separately stated on an invoice or receipt when the person had the option to pick up the order at one of Defendant's locations in Florida." Compl. ¶ 28.

30. The total Florida sales tax that Walmart collected on delivery fees (including express delivery fees) for those transactions equals $3,862,960.12. *See* **Exhibit F** ¶ 7. And the total

Florida sales tax that Walmart collected on shipping fees for those transactions equals $1,144,095.33. *Id.*

31. Thus, if plaintiff's legal theory were valid, "the amount of the unlawfully collected taxes," Compl. ¶ 5, would be $5,007,055.45 ($3,862,960.12 + $1,144,095.33).

32. Plaintiff seeks an order "requiring Defendant to repay Plaintiff and the Class Members all unlawfully collected funds," Compl. ¶ 58c. Therefore, the compensatory damages component of the amount in controversy is $5,007,055.45, which <u>by itself</u> exceeds the $5 million threshold for CAFA jurisdiction.

33. However, as explained below, even assuming that "shipping" fees were excluded from the "delivery" fees referenced in the complaint, the amount in controversy stemming solely from taxes on delivery fees and express delivery fees still easily clears the jurisdictional threshold due to the inclusion of Plaintiff's requests for punitive damages and injunctive relief.

### 2. <u>Punitive Damages</u>

34. "When determining the jurisdictional amount in controversy . . . punitive damages must be considered, unless it is apparent to a legal certainty that such cannot be recovered." *Holley Equip. Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987) (internal citations omitted) (addressing removal in the context of diversity pre-CAFA); s*ee, e.g.*, *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1065 (11th Cir. 2010) (calculating amount in controversy for purposes of removal using punitive damages); *Porter v. MetroPCS Commc'ns Inc.*, 592 F. App'x 780, 783 (11th Cir. 2014) (a plaintiff's "punitive damages must be included in the calculation of the amount in controversy" as long as it is not "hopelessly speculative").

35. As a result, the amount in controversy requirement is "satisfied where a potential award of punitive damages could be high enough to reach the jurisdictional minimum." *McDaniel*

*v. Fifth Third Bank*, 568 F. App'x 729, 731 (11th Cir. 2014) (citing with approval *Back Doctors Ltd. v. Metro. Prop. & Cas. Ins. Co.*, 637 F.3d 827, 831 (7th Cir. 2011)).

36. Notably, "the defendant need not go so far as to prove that the plaintiff is likely to recover damages in such an amount," but rather "**[u]nless recovery of an amount exceeding the jurisdictional minimum is legally impossible, the case belongs in federal court**." *Id.* (emphasis added) (quoting *Back Doctors*, 637 F.3d at 830). Thus "[a]ny inquiry into whether [a plaintiff] *would* actually recover these amounts is unnecessary and inappropriate" because, "[f]or the purposes of establishing jurisdiction, it is enough to show that he *could*." *Id.*

37. Concisely stated: "[t]he defendant does not have to prove that the plaintiff is more likely than not to ultimately recover punitive damages, but merely that: (1) state law permits a punitive damages award for the claims in question; and (2) the total award, including compensatory and punitive damages, could exceed $5,000,000." *Frederick v. Hartford Underwriters Ins. Co.*, 683 F.3d 1242, 1248 (10th Cir. 2012).

38. Florida law permits a punitive damages award for negligence claims. *See Soffer v. R.J. Reynolds Tobacco Co.*, 187 So. 3d 1219, 1222 (Fla. 2016). Indeed, under Florida law, "the legal standard for establishing entitlement to punitive damages . . . does not vary depending on the underlying legal theory." *Id.*

39. Under Florida law, "punitive damages are reserved for cases in which a defendant is 'personally guilty of intentional misconduct or gross negligence.'" *Werner Enterprises, Inc. v. Mendez*, 362 So. 3d 278, 282 (Fla. Dist. Ct. App. 2023) (quoting Fla. Stat. § 768.72(2)). "'Intentional misconduct' happens when a defendant has 'actual knowledge of the wrongfulness of the conduct and the high probability' that it will harm the plaintiff, but nevertheless 'intentionally pursued that course of conduct,' resulting in said harm." *Id.* (quoting Fla. Stat. § 768.72(2)(a)).

9

"'Gross negligence' occurs when a 'defendant's conduct was so reckless or wanting in care that it constituted a conscious disregard or indifference to the life, safety, or rights of persons exposed to such conduct.'" *Id.* (quoting Fla. Stat. § 768.72(2)(b)). "A corporation can incur liability for punitive damages based on the actions of its managing agents." *Id.* (citing *Schropp v. Crown Eurocars, Inc.*, 654 So. 2d 1158, 1159–61 (Fla. 1995)).

40. Here, Plaintiff has asserted that he believes that this standard can be satisfied because Plaintiff sought punitive damages in his complaint. *See* Compl. ¶ 47.

41. Although it is not likely that Plaintiff will recover punitive damages, "the defendant need not go so far as to prove that the plaintiff is likely to recover damages in such an amount," but rather "**[u]nless recovery of an amount exceeding the jurisdictional minimum is legally impossible, the case belongs in federal court**." *McDaniel*, 568 F. App'x at 731 (quoting *Back Doctors*, 637 F.3d at 830).

42. In a case alleging that a company negligently overcharged premiums and sales tax, the Middle District of Florida observed that "Plaintiff's demand for attorney's fees and punitive damages must be included in the calculation of the amount in controversy." *Morgan v. Ace Am. Ins. Co.*, No. 3:16-CV-705-J-39MCR, 2017 WL 8362727, at *6 (M.D. Fla. Sept. 15, 2017).[1]

43. Under Florida law, punitive damages could be up to three times the compensatory damages. *See, e.g., Miller v. Arvest Cent. Mortg. Co.*, No. 20-22820, 2020 WL 7416869, at *2 (S.D. Fla. Dec. 18, 2020) ("Florida law caps punitive damages at treble the actual damages"). Specifically, under Florida law, "an award of punitive damages may not exceed the **greater** of: (1)

---

[1] Ultimately, that court held that punitive damages were too speculative in that particular case because—unlike here—there was no base amount of compensatory damages to multiply. *Id.* ("multiples do no good in establishing an amount in controversy without a base amount [of compensatory damages] to multiply" (internal quotation marks and citation omitted)).

Three times the amount of compensatory damages awarded to each claimant entitled thereto, consistent with the remaining provisions of this section; or (2) The sum of $500,000." Fla. Stat. § 768.73(a) (emphasis added). Because three-times the compensatory damages related to delivery fees and express delivery fees ($3,862,960.12) is $11,588,880.36, which is greater than $500,000, it is legally possible for punitive damages to equal $11,588,880.36.

44. Again, "[a]ny inquiry into whether [Rogolino] would actually recover these amounts is unnecessary and inappropriate" because, "[f]or the purposes of establishing jurisdiction, it is enough to show that he could." *McDaniel*, 568 F. App'x at 732.

### 3. Injunctive Relief

45. "[F]or amount in controversy purposes, the value of injunctive or declaratory relief is the value of the object of the litigation measured from the plaintiff's perspective." *S. Fla. Wellness*, 745 F.3d at 1315–16 (quoting *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1268 (11th Cir. 2000)) (cleaned up). "In other words, the value of the requested injunctive relief is the monetary value of the benefit that would flow to the plaintiff if the injunction were granted." *Cohen v. Office Depot. Inc.*, 204 F.3d 1069, 1077 (11th Cir. 2000); *see also S. Fla. Wellness*, 745 F. 3d at 1316 (same). In the context of CAFA, this Court aggregates "the claims of individual class members and consider the monetary value that would flow to the entire class if [such] relief were granted." *S. Fla. Wellness*, 745 F.3d at 1316 (citing 28 U.S.C. § 1332(d)(6)). "While absolute certainty is neither attainable nor required, the value of declaratory or injunctive relief must" not be "too speculative or immeasurable." *Id.* (internal quotation marks and citations omitted).

46. Plaintiff seeks a permanent injunction preventing Walmart from charging or collecting sales tax in all Florida transactions on separately-invoiced delivery fees that can be avoided at the option or election of the consumer, Compl. ¶ 58b. Plaintiff alleges that he and the

11

Class Members are "customers who have made, and intend to continue to make, purchases from Defendant in the future." *Id.* ¶ 49.

47. The permanent injunction is indefinite in duration. However, *over the next four years alone* (July 2024–July 2028), it is reasonable to infer that the amount of sales tax that Walmart would otherwise collect on delivery fees (and express delivery fees) for items that will be available for pickup would at least equal the amount during the relevant recovery period for this suit (July 2020–2024). *See S. Fla. Wellness*, 745 F.3d at 1315 (the district "court may rely on evidence put forward by the removing defendant, as well as reasonable inferences and deductions drawn from that evidence"); *see also, e.g.*, *Klayman v. Porter*, No. 22-13025, 2023 WL 2261814, at *3 (11th Cir. Feb. 28, 2023) ("the value of the injunctive relief [plaintiff] sought was sufficiently measurable and certain" because "it is reasonable to infer that the future" damages he "sought to forestall were of similar value" to his already incurred damages "even if there remains some uncertainty about the amount"). Accordingly, the monetary benefit flowing to Walmart customers from Walmart not collecting sales tax on delivery fees (and express delivery fees) is at least equal to the compensatory damages discussed above, or $3,862,960.12.

\*   \*   \*

48. Accordingly, this Court may reasonably infer that the amount in controversy stemming from delivery fees and express delivery fees alone is $19,314,800.60, which consists of $3,862,960.12 in compensatory damages at issue, plus $11,588,880.36 in punitive damages at issue, plus $3,862,960.12, which is the amount at issue from the injunctive relief requested.

C. **Minimal Diversity of Citizenship is Satisfied.**

49. CAFA's minimal diversity standard is satisfied when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A); *Hill v. Nat'l Ins. Underwriters, Inc.*, 641 F. App'x 899, 901–02 (11th Cir. 2016) ("Under CAFA, federal

courts have original jurisdiction over class actions in which there is minimal diversity—which is satisfied if at least one plaintiff and one defendant are from different states[.]") (citation omitted).

50. "To determine whether minimal diversity exists, courts consider the citizenship of all the class members (including putative), both named and unnamed." *Smith v. Marcus & Millichap, Inc.*, 991 F.3d 1145, 1149 (11th Cir. 2021) (citing 28 U.S.C. § 1332(d)(1)(D)).

51. A plaintiff is a "citizen of the state in which he is 'domiciled.'" *Id.* (citation omitted). "A person's domicile is the place of 'his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom[.]'" *Id.* (alteration in original) (quoting *McCormick v. Aderholt*, 293 F.3d 1254, 1257–58 (11th Cir. 2002)).

52. Plaintiff Mark Rogolino is alleged to be a citizen and resident of St. Lucie County, Florida. *See* Compl. ¶ 7.

53. Defendant Walmart is a Delaware corporation with its principal executive offices located at 702 S.W. 8th Street, Bentonville, Arkansas. *See* **Exhibit D**, (listing entity information for Walmart, Inc., available on the Delaware Division of Corporations website). Walmart is thus a citizen of Delaware and Arkansas for purposes of diversity jurisdiction under 28 U.S.C. § 1332(c)(1).

54. Accordingly, the minimal diversity requirement is satisfied here because Plaintiff is a citizen of Florida, whereas for purposes of CAFA jurisdiction, Defendant is a citizen of Delaware and Arkansas. *See* 28 U.S.C. § 1332(d)(2)(A) (extending jurisdiction to cases in which "any member of a class of plaintiffs is a citizen of a State different from any defendant").

## TIMELINESS OF REMOVAL

55. Under 28 U.S.C. § 1446(b), a notice of removal of a civil action must be filed within 30 days of service of the summons and complaint.

56. Plaintiff served Walmart with a summons and complaint for this action on August 23, 2024. *See* **Exhibit B**. Thirty days from August 23, 2024 is September 22, 2024, which is a Sunday. Pursuant to Rule 6(a)(1)(C) of the Federal Rules of Civil Procedure, the deadline is September 23, 2024.

57. Because this Notice of Removal has been filed on or before September 23, it is timely under 28 U.S.C. § 1446(b)(1) and Rule 6(a)(1)(C) of the Federal Rules of Civil Procedure, as well as *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999).

## PROCEDURAL REQUIREMENTS

58. As required under 28 U.S.C. § 1446(a), copies of all pleadings, process, and orders served on and by the removing Defendant in the State Court Action are attached as **Exhibit C** to this Notice of Removal.

59. In compliance with 28 U.S.C. § 1446(d), Defendant will provide a Notification of Filing of Notice of Removal to counsel of record for Plaintiff and will promptly file a copy of this Notice of Removal with the Clerk of the Circuit Court of the Nineteenth Judicial Circuit in and for St. Lucie County, Florida. **Exhibit E** contains a copy of the Notification of Filing of Notice of Removal.

60. <u>Signature.</u>  This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11. *See* 28 U.S.C. § 1446(a).

61. <u>Consent.</u>  Walmart is the sole defendant in this action and therefore no additional consent is necessary.

## VENUE

62. The Circuit Court of the Nineteenth Judicial Circuit is located within the Southern District of Florida, Fort Pierce Division, see 28 U.S.C. § 89(c), and venue for this action is proper

in this Court because the Southern District of Florida, Fort Pierce Division, is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

## CONCLUSION

63. For these reasons, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d), and the claims may be removed to this Court under 28 U.S.C. § 1453.

64. By removing this action to this Court, Defendant does not waive any defenses, including, but not limited to, venue defenses, or the defense that Plaintiff has failed to state a claim upon which relief can be granted. Defendant also does not waive any objections or motions available under state or federal law. For the avoidance of doubt, Defendant expressly preserves its right to, and gives notice of its intention to, among other things, seek dismissal, or alternatively, stay, and to compel arbitration of Plaintiff's claims, which relief Defendant intends to seek subsequent to the removal of this case.

65. Defendant respectfully reserves the right to amend or supplement this Notice of Removal as may be appropriate.

**WHEREFORE**, Defendant Walmart, Inc. respectfully removes this action from the Circuit Court of the Nineteenth Judicial Circuit in and for St. Lucie County, Florida, to this Court and respectfully requests that this Court: (i) consider this Notice of Removal as provided by the law governing removal cases to this Court; (ii) make appropriate orders to achieve the removal of the State Court Action to this Court; and (iii) issue such other orders as may be appropriate to effect the preparation of filing of a true record in this case of all proceedings that may have been had in the State Court Action.

Date: September 20, 2024                                       Respectfully submitted,

                                                               /s/ Bret R. Vallacher

Bret R. Vallacher
FL Bar No. 1011122
MASSEY & GAIL LLP
1000 Maine Ave SW, Suite 450
Washington, D.C. 20024
(202) 780-0351 (telephone)
(312) 379-0467 (facsimile)
bvallacher@masseygail.com

Suyash Agrawal (*pro hac vice* forthcoming)
Paul Berks (*pro hac vice* forthcoming)
MASSEY & GAIL LLP
50 E. Washington Street, Suite 400
Chicago, Illinois 60602
(312) 283-1590 (telephone)
(312) 379-0467 (facsimile)
sagrawal@masseygail.com
pberks@masseygail.com

*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that I have caused a true and correct copy of the foregoing document to be served upon Plaintiff at the address set forth below via regular mail and email on this 20th day of September, 2024:

>Manuel S. Hiraldo, Esq.
>FL Bar No. 030380
>401 E. Las Olas Boulevard, Suite 1400
>Ft. Lauderdale, FL 33301
>mhiraldo@hiraldolaw.com

>/s/ *Bret R. Vallacher*
>Bret R. Vallacher