# EXHIBIT A

IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
IN AND FOR ST. LUCIE COUNTY, FLORIDA

CASE NO. 562024CA001358AXXXHC

MARK ROGOLINO,
individually and
on behalf of all others similarly situated,

**CLASS REPRESENTATION**

Plaintiff,

**JURY TRIAL DEMANDED**

v.

WALMART, INC.,

Defendant.

_____/

## CLASS ACTION COMPLAINT

Plaintiff Mark Rogolino brings this class action against Defendant Walmart, Inc., and alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

## NATURE OF THE ACTION

1. This is a class action for damages, and for injunctive and declaratory relief to stop Defendant from charging and collecting sales tax on delivery fees from customers who order goods from Defendant in Florida when the fee could have been avoided by the decision or action of the customer.

2. In Florida, sales tax may only be imposed on the total sales price of taxable tangible property. The sales price is the total amount paid for tangible goods, including services that are part of the sale.

3. However, when a customer has the option to either pick up the goods or have the goods delivered by the seller, a seller may not legally charge sales tax on a separate charge for delivery.

1

4. In violation of Florida law, Defendant charged Plaintiff and the Class Members, and continues to charge them, sales tax on delivery fees.

5. Defendant's violations of Florida law caused Plaintiff and the Class Members harm in the amount of the unlawfully collected taxes.

6. Plaintiff seeks, on behalf of Plaintiff and each member of the proposed Class, damages, reasonable attorney's fees and other litigation costs reasonably incurred, and such other equitable relief as the court determines appropriate, including injunctive and declaratory relief.

## PARTIES

7. Plaintiff is, and at all times relevant hereto was, a citizen and resident of St. Lucie County, Florida.

8. Defendant is, and at all times relevant hereto was, a foreign corporation that regularly transacts business throughout the state of Florida.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction pursuant to Florida Rule of Civil Procedure 1.220 and Fla. Stat. § 26.012(2). The matter in controversy exceeds the sum or value of $30,000 exclusive of interest, costs, and attorney's fees.

10. Defendant is subject to personal jurisdiction in Florida because it transacts business throughout the state of Florida, and its violations alleged herein occurred in part within and/or were directed at Florida.

11. Venue for this action is proper in this Court pursuant to Fla. Stat. § 47.051 because the cause of action accrued in this County.

## FACTS

12. Defendant operates brick-and-mortar and online marketplaces that sell a variety of consumer products and goods.

13. Consumers who make purchases from Defendant may have those products delivered to their home or have the option to pick up the products from one of Defendant's store locations.

14. If Defendant delivers an order to a customer's home, it will charge a delivery fee that is separately stated on the billing documentation or receipt. If a customer elects to pick up the order, there is no delivery charge levied.

15. Defendant collects, and continues to collect, sales tax on delivery fees from customers to whom it delivers its goods.

16. When sales tax has been charged on a delivery fee, Defendant generates a receipt showing a separately stated delivery fee and a total tax due, which total includes a sales tax on the delivery fee.

17. Such was the case with Plaintiff who, on or about November 24, 2023, while in Florida, placed an order with Defendant. At the time of purchase, Plaintiff was given the option to have the product delivered or to pick it up at one of Defendant's store locations. Plaintiff selected the option to have the product delivered to his home.

18. As reflected in the invoices attached as **Exhibit A**, Defendant charged Plaintiff a delivery charge stated as separate line item in the amount of $19.95.

19. The applicable sales tax rate for Plaintiff's purchase was 7%.

20. Under Florida law, it is unlawful to charge and collect sales tax on a delivery fee when the customer, at his or her option, can avoid the fee by picking up the product or good purchased. *See*

*Department of Revenue v. B & L Concepts, Inc.,* 612 So.2d 720 (Fla. 5th DCA 1993); Rule 12A-1.045 of the Florida Administrative Code.

21. Defendant was therefore only permitted to charge sales tax on the price of the tangible goods it sold to Plaintiff. Instead, in violation of Florida law, Defendant collected sales tax applied to the optional delivery fee.

22. Upon information and belief, Defendant has unlawfully charged thousands of dollars, if not more, in taxes on optional delivery charges to consumers throughout the state of Florida.

23. Plaintiff intends to make additional online purchases from Defendant in the future.

24. Defendant knows or should know that its practice of charging sales tax on delivery fees is unlawful, but nevertheless continues to charge Florida consumers sales tax on delivery fees in violation of Florida law.

25. In the alternative, Defendant's decision to charge and to continue to charge and collect sales tax on separately stated and avoidable delivery fees was so reckless or wanting in care that it constituted a conscious disregard or indifference to the rights of Plaintiff and the Class Members.

26. Defendant has collected from its customers, and will continue to collect, thousands of dollars in sales taxes on separately stated and avoidable delivery fees.

27. Moreover, some of the taxes collected by Defendant have not yet been paid to the state of Florida, and Defendant remains in possession and control of the unlawfully collected taxes.

## CLASS ALLEGATIONS

### PROPOSED CLASS

28. Plaintiff brings this lawsuit as a class action on behalf of Plaintiff individually and on behalf of all other similarly situated persons as a class action pursuant to Florida Rule of Civil Procedure 1.220(b)(2) and (b)(3). The Class that Plaintiff seeks to represent is defined as:

> **All persons in Florida who, during the four years prior to the filing of this lawsuit, was charged by Defendant and paid sales tax on a delivery fee that was separately stated on an invoice or receipt when the person had the option to pick up the order at one of Defendant's locations in Florida.**

29. Defendant and its employees or agents are excluded from the Class.

### NUMEROSITY

30. Plaintiff is informed and believes that there are at least 50 class members given the volume of consumer transactions completed by Defendant throughout Florida during the relevant time period.

31. Identification of the Class members is a matter capable of ministerial determination from Defendant's purchase and invoice records.

### COMMON QUESTIONS OF LAW AND FACT

32. There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are:

    (a) Whether Defendant is permitted to collect sales tax on separately stated delivery fees that are avoidable at the option of the consumer;

    (b) Whether Plaintiff and the Class Members were and continue to be charged sales tax on separately stated delivery fees that could have been avoided at their option;

    (c) Whether Defendant has acted negligently and/or recklessly; and

    (d) Whether Defendant should be enjoined from further unlawfully collecting taxes from Plaintiff and the Class Members;

33. The common questions in this case are capable of having common answers, and Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

### TYPICALITY

34. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

### PROTECTING THE INTERESTS OF THE CLASS MEMBERS

35. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

### SUPERIORITY

36. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

37. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Classes, although certain class members are not parties to such actions.

## COUNT I
## NEGLIGENCE
**(On Behalf of Plaintiff and the Class)**

38. Plaintiff re-alleges and re-incorporates paragraphs 1 – 37.

39. Rule 12A-1.045 of the Florida Administrative Code provides:

> "Transportation charges" include carrying, delivery, freight, handling, pick-up, shipping and other similar charges or fees.
>
> \* \* \*
>
> 4(a) The charge for transportation services is not subject to tax when both of the following conditions have been met:
>
> 1. The charge is separately stated on an invoice or bill of sale; and
>
> 2. The charge can be avoided by a decision or action solely on the part of the purchaser. . . .

40. Defendant gave Plaintiff and the Class Members the option of picking up their orders or having their orders delivered.

41. Plaintiff and the Class Members opted for their purchases to be delivered.

42. Defendant included a delivery fee on Plaintiff's and the Class Members' orders and charged sales tax on the delivery fees.

43. The additional sales tax Defendant charged Plaintiff and the Class Members was in violation of Florida law.

44. Defendant owed Plaintiff and the Class Members a duty to exercise reasonable care to determine, represent, and charge the correct amount of sales tax on goods and services delivered to its customers.

7

45. Defendant was negligent and breached its duty of reasonable care to Plaintiff and the Class Members by:

    a. charging and collecting sales tax on separately stated and avoidable delivery fees and failing to halt the practice;

    b. misrepresenting to Plaintiff and the Class Members that sales tax was lawfully due on delivery fees when they had the option to avoid the fee;

    c. failing to represent that the invoiced sales tax figure for delivery included a sales tax on the delivery fee; and

    d. determining that delivery fees were taxable in Florida.

46. As a direct and proximate result of Defendant's negligence, Plaintiff and the Class Members paid sales tax on non-taxable services.

47. Plaintiff and the Class Members were harmed by Defendant's negligence in the amounts of the unlawfully collected taxes, and seek compensatory and punitive damages, including pre-judgment interest, and costs of this action and demands trial by jury of all matters triable as of right by a jury.

## COUNT II
## DECLARATORY AND INJUNCTIVE RELIEF
### (On Behalf of Plaintiff and the Class)

48. Plaintiff re-alleges and re-incorporates paragraphs 1 – 37.

49. Plaintiff and the Class Members are customers who have made, and intend to continue to make, purchases from Defendant in the future.

50. Defendant has charged and collected, and continues to charge and collect, sales tax on delivery fees from Plaintiff and the Class Members.

51. Defendant has in its possession and control some of the unlawfully collected taxes, and has the ability to seek a reimbursement of the other amounts not in its possession.

52. Florida Administrative Code 12A-1.045 precludes sales tax from being charged on delivery services of goods where the purchaser has the option of picking put the goods or having the good delivered by the seller.

53. Defendant gives Plaintiff and the Class Members the option of picking up orders at the location where the order is made or having the order delivered. If Plaintiff and the Class Members opt for delivery, Defendant adds a delivery fee to the order and charges sales tax on the fee. The additional sales tax is charged in violation of Florida law.

54. Pursuant to Rule 12A-1.014(4) of the Florida Administrative Code, Plaintiff and the Class Members are prohibited from seeking a refund for taxes overpaid to Defendant.

55. Instead, only the entity that collected and paid the sales tax to the state of Florida (i.e., Defendant) may seek a refund.

56. In order to seek a refund for the overpaid sales tax paid by Plaintiff and the Class Members, Defendant must first refund Plaintiff and the Class Members. Once Defendant has refunded Plaintiff and the Class Members, Defendant may seek a refund, plus interest.

57. Accordingly, there is no other remedy available to Plaintiff and the Class Members.

58. Plaintiff and the Class Members, seek the following declaratory, affirmative injunctive relief, and permanent injunctive relief:

   a. declaring unlawful Defendant's practice of charging or collecting sales tax in Florida on delivery fees that are separately stated on an invoice and that can be avoided at the option or election of the consumer;

   b. enjoining Defendant from charging or collecting sales tax in Florida on delivery fees that are separately stated on an invoice and can be avoided at the option or election of the consumer;

   c. requiring Defendant to repay to Plaintiff and the Class Members all unlawfully collected funds; and

9

      d.      requiring Defendant to seek and obtain a refund from the state of Florida for sales tax paid by Plaintiff and the Class Members on delivery fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that this Court certify this case as a class action and allow Plaintiff to pursue claims and relief described hereinabove on behalf of Plaintiff and all others similarly situated; that the Court certify the class identified above; that Plaintiff be awarded the maximum amount of damages allowed by applicable law; declaratory and injunctive relief, pre-judgment interest; for a trial by jury on all issues so triable; for attorneys' fees, costs; and all other appropriate relief.

## JURY DEMAND

Plaintiff, individually and on behalf of the Class, hereby demand a trial by jury.

DATED: July 24, 2024

Respectfully submitted,

**HIRALDO P.A.**

*/s/ Manuel S. Hiraldo*
Manuel S. Hiraldo, Esq.
Florida Bar No. 030380
401 E. Las Olas Boulevard
Suite 1400
Ft. Lauderdale, Florida 33301
Email: mhiraldo@hiraldolaw.com
Telephone: 954.400.4713
*Counsel for Plaintiff and the Class*

# EXHIBIT A

11



