# EXHIBIT C

**FORM 1.997.   CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

### I.    CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE <u>NINETEENTH</u>   JUDICIAL CIRCUIT, IN AND FOR <u>ST. LUCIE</u>   COUNTY, FLORIDA

<u>Mark Rogolino</u>
Plaintiff

Case #   562024CA001358AXXXHC

Judge   Judge Brett M. Waronicki

vs.

<u>Walmart Inc</u>
Defendant

### II.    AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐  $8,001 - $30,000
☐  $30,001- $50,000
☐  $50,001- $75,000
☐  $75,001 - $100,000
☒  over $100,000.00

### III.    TYPE OF CASE      (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
        ☐ Business governance
        ☐ Business torts
        ☐ Environmental/Toxic tort
        ☐ Third party indemnification
        ☐ Construction defect
        ☐ Mass tort
        ☐ Negligent security
        ☐ Nursing home negligence
        ☐ Premises liability—commercial
        ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
        ☐ Commercial foreclosure
        ☐ Homestead residential foreclosure
        ☐ Non-homestead residential foreclosure
        ☐ Other real property actions

☐Professional malpractice
        ☐ Malpractice—business
        ☐ Malpractice—medical
        ☐ Malpractice—other professional
☒ Other
        ☐ Antitrust/Trade regulation
        ☒ Business transactions
        ☐ Constitutional challenge—statute or ordinance
        ☐ Constitutional challenge—proposed amendment
        ☐ Corporate trusts
        ☐ Discrimination—employment or other
        ☐ Insurance claims
        ☐ Intellectual property
        ☐ Libel/Slander
        ☐ Shareholder derivative action
        ☐ Securities litigation
        ☐ Trade secrets
        ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.**     **REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.**     **NUMBER OF CAUSES OF ACTION:** [   ]
(Specify)

   1

**VI.**     **IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☒ yes
    ☐ no

**VII.**     **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.**     **IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

**IX.**     **DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
    ☐ yes
    ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Manuel S Hiraldo        Fla. Bar # 30380
       Attorney or party                  (Bar # if attorney)

Manuel S Hiraldo              07/24/2024
    (type or print name)            Date

Case 2:24-cv-14308-XXXX   Document 1-3   Entered on FLSD Docket 09/20/2024   Page 5 of 56

## IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
## IN AND FOR ST. LUCIE COUNTY, FLORIDA

CASE NO.   562024CA001358AXXXHC

MARK ROGOLINO,
individually and
on behalf of all others similarly situated,                     **CLASS REPRESENTATION**

      Plaintiff,                     **JURY TRIAL DEMANDED**

v.

WALMART, INC.,

      Defendant.

_____/

### CLASS ACTION COMPLAINT

Plaintiff Mark Rogolino brings this class action against Defendant Walmart, Inc., and alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

### NATURE OF THE ACTION

1.      This is a class action for damages, and for injunctive and declaratory relief to stop Defendant from charging and collecting sales tax on delivery fees from customers who order goods from Defendant in Florida when the fee could have been avoided by the decision or action of the customer.

2.      In Florida, sales tax may only be imposed on the total sales price of taxable tangible property. The sales price is the total amount paid for tangible goods, including services that are part of the sale.

3.      However, when a customer has the option to either pick up the goods or have the goods delivered by the seller, a seller may not legally charge sales tax on a separate charge for delivery.

1

4.      In violation of Florida law, Defendant charged Plaintiff and the Class Members, and continues to charge them, sales tax on delivery fees.

5.      Defendant's violations of Florida law caused Plaintiff and the Class Members harm in the amount of the unlawfully collected taxes.

6.      Plaintiff seeks, on behalf of Plaintiff and each member of the proposed Class, damages, reasonable attorney's fees and other litigation costs reasonably incurred, and such other equitable relief as the court determines appropriate, including injunctive and declaratory relief.

## PARTIES

7.      Plaintiff is, and at all times relevant hereto was, a citizen and resident of St. Lucie County, Florida.

8.      Defendant is, and at all times relevant hereto was, a foreign corporation that regularly transacts business throughout the state of Florida.

## JURISDICTION AND VENUE

9.      This Court has subject matter jurisdiction pursuant to Florida Rule of Civil Procedure 1.220 and Fla. Stat. § 26.012(2). The matter in controversy exceeds the sum or value of $30,000 exclusive of interest, costs, and attorney's fees.

10.     Defendant is subject to personal jurisdiction in Florida because it transacts business throughout the state of Florida, and its violations alleged herein occurred in part within and/or were directed at Florida.

11.     Venue for this action is proper in this Court pursuant to Fla. Stat. § 47.051 because the cause of action accrued in this County.

## FACTS

12.　　Defendant operates brick-and-mortar and online marketplaces that sell a variety of consumer products and goods.

13.　　Consumers who make purchases from Defendant may have those products delivered to their home or have the option to pick up the products from one of Defendant's store locations.

14.　　If Defendant delivers an order to a customer's home, it will charge a delivery fee that is separately stated on the billing documentation or receipt.  If a customer elects to pick up the order, there is no delivery charge levied.

15.　　Defendant collects, and continues to collect, sales tax on delivery fees from customers to whom it delivers its goods.

16.　　When sales tax has been charged on a delivery fee, Defendant generates a receipt showing a separately stated delivery fee and a total tax due, which total includes a sales tax on the delivery fee.

17.　　Such was the case with Plaintiff who, on or about November 24, 2023, while in Florida, placed an order with Defendant. At the time of purchase, Plaintiff was given the option to have the product delivered or to pick it up at one of Defendant's store locations. Plaintiff selected the option to have the product delivered to his home.

18.　　As reflected in the invoices attached as **Exhibit A**, Defendant charged Plaintiff a delivery charge stated as separate line item in the amount of $19.95.

19.　　The applicable sales tax rate for Plaintiff's purchase was 7%.

20.　　Under Florida law, it is unlawful to charge and collect sales tax on a delivery fee when the customer, at his or her option, can avoid the fee by picking up the product or good purchased. *See*

3

*Department of Revenue v. B & L Concepts, Inc.,* 612 So.2d 720 (Fla. 5th DCA 1993); Rule 12A-1.045 of the Florida Administrative Code.

21.     Defendant was therefore only permitted to charge sales tax on the price of the tangible goods it sold to Plaintiff. Instead, in violation of Florida law, Defendant collected sales tax applied to the optional delivery fee.

22.     Upon information and belief, Defendant has unlawfully charged thousands of dollars, if not more, in taxes on optional delivery charges to consumers throughout the state of Florida.

23.     Plaintiff intends to make additional online purchases from Defendant in the future.

24.     Defendant knows or should know that its practice of charging sales tax on delivery fees is unlawful, but nevertheless continues to charge Florida consumers sales tax on delivery fees in violation of Florida law.

25.     In the alternative, Defendant's decision to charge and to continue to charge and collect sales tax on separately stated and avoidable delivery fees was so reckless or wanting in care that it constituted a conscious disregard or indifference to the rights of Plaintiff and the Class Members.

26.     Defendant has collected from its customers, and will continue to collect, thousands of dollars in sales taxes on separately stated and avoidable delivery fees.

27.     Moreover, some of the taxes collected by Defendant have not yet been paid to the state of Florida, and Defendant remains in possession and control of the unlawfully collected taxes.

## CLASS ALLEGATIONS

### PROPOSED CLASS

28.     Plaintiff brings this lawsuit as a class action on behalf of Plaintiff individually and on behalf of all other similarly situated persons as a class action pursuant to Florida Rule of Civil Procedure 1.220(b)(2) and (b)(3). The Class that Plaintiff seeks to represent is defined as:

4

> **All persons in Florida who, during the four years prior to the filing of this lawsuit, was charged by Defendant and paid sales tax on a delivery fee that was separately stated on an invoice or receipt when the person had the option to pick up the order at one of Defendant's locations in Florida.**

29. Defendant and its employees or agents are excluded from the Class.

<u>**NUMEROSITY**</u>

30. Plaintiff is informed and believes that there are at least 50 class members given the volume of consumer transactions completed by Defendant throughout Florida during the relevant time period.

31. Identification of the Class members is a matter capable of ministerial determination from Defendant's purchase and invoice records.

<u>**COMMON QUESTIONS OF LAW AND FACT**</u>

32. There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are:

(a) Whether Defendant is permitted to collect sales tax on separately stated delivery fees that are avoidable at the option of the consumer;

(b) Whether Plaintiff and the Class Members were and continue to be charged sales tax on separately stated delivery fees that could have been avoided at their option;

(c) Whether Defendant has acted negligently and/or recklessly; and

(d) Whether Defendant should be enjoined from further unlawfully collecting taxes from Plaintiff and the Class Members;

33.     The common questions in this case are capable of having common answers, and Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

### TYPICALITY

34.     Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

### PROTECTING THE INTERESTS OF THE CLASS MEMBERS

35.     Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

### SUPERIORITY

36.     A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

37.     The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Classes, although certain class members are not parties to such actions.

## COUNT I
## NEGLIGENCE
### (On Behalf of Plaintiff and the Class)

38.     Plaintiff re-alleges and re-incorporates paragraphs 1 – 37.

39.     Rule 12A-1.045 of the Florida Administrative Code provides:

> "Transportation charges" include carrying, delivery, freight, handling, pick-up, shipping and other similar charges or fees.
>
> *       *       *
>
> 4(a)     The charge for transportation services is not subject to tax when both of the following conditions have been met:
>
> 1.     The charge is separately stated on an invoice or bill of sale; and
>
> 2.     The charge can be avoided by a decision or action solely on the part of the purchaser. . . .

40.     Defendant gave Plaintiff and the Class Members the option of picking up their orders or having their orders delivered.

41.     Plaintiff and the Class Members opted for their purchases to be delivered.

42.     Defendant included a delivery fee on Plaintiff's and the Class Members' orders and charged sales tax on the delivery fees.

43.     The additional sales tax Defendant charged Plaintiff and the Class Members was in violation of Florida law.

44.     Defendant owed Plaintiff and the Class Members a duty to exercise reasonable care to determine, represent, and charge the correct amount of sales tax on goods and services delivered to its customers.

7

45.     Defendant was negligent and breached its duty of reasonable care to Plaintiff and the Class Members by:

      a.    charging and collecting sales tax on separately stated and avoidable delivery fees and failing to halt the practice;

      b.    misrepresenting to Plaintiff and the Class Members that sales tax was lawfully due on delivery fees when they had the option to avoid the fee;

      c.    failing to represent that the invoiced sales tax figure for delivery included a sales tax on the delivery fee; and

      d.    determining that delivery fees were taxable in Florida.

46.     As a direct and proximate result of Defendant's negligence, Plaintiff and the Class Members paid sales tax on non-taxable services.

47.     Plaintiff and the Class Members were harmed by Defendant's negligence in the amounts of the unlawfully collected taxes, and seek compensatory and punitive damages, including pre-judgment interest, and costs of this action and demands trial by jury of all matters triable as of right by a jury.

**COUNT II**
**DECLARATORY AND INJUNCTIVE RELIEF**
**(On Behalf of Plaintiff and the Class)**

48.     Plaintiff re-alleges and re-incorporates paragraphs 1 – 37.

49.     Plaintiff and the Class Members are customers who have made, and intend to continue to make, purchases from Defendant in the future.

50.     Defendant has charged and collected, and continues to charge and collect, sales tax on delivery fees from Plaintiff and the Class Members.

51.     Defendant has in its possession and control some of the unlawfully collected taxes, and has the ability to seek a reimbursement of the other amounts not in its possession.

52.     Florida Administrative Code 12A-1.045 precludes sales tax from being charged on delivery services of goods where the purchaser has the option of picking put the goods or having the good delivered by the seller.

53.     Defendant gives Plaintiff and the Class Members the option of picking up orders at the location where the order is made or having the order delivered.  If Plaintiff and the Class Members opt for delivery, Defendant adds a delivery fee to the order and charges sales tax on the fee.  The additional sales tax is charged in violation of Florida law.

54.     Pursuant to Rule 12A-1.014(4) of the Florida Administrative Code, Plaintiff and the Class Members are prohibited from seeking a refund for taxes overpaid to Defendant.

55.     Instead, only the entity that collected and paid the sales tax to the state of Florida (i.e., Defendant) may seek a refund.

56.     In order to seek a refund for the overpaid sales tax paid by Plaintiff and the Class Members, Defendant must first refund Plaintiff and the Class Members.  Once Defendant has refunded Plaintiff and the Class Members, Defendant may seek a refund, plus interest.

57.     Accordingly, there is no other remedy available to Plaintiff and the Class Members.

58.     Plaintiff and the Class Members, seek the following declaratory, affirmative injunctive relief, and permanent injunctive relief:

a.      declaring unlawful Defendant's practice of charging or collecting sales tax in Florida on delivery fees that are separately stated on an invoice and that can be avoided at the option or election of the consumer;

b.      enjoining Defendant from charging or collecting sales tax in Florida on delivery fees that are separately stated on an invoice and can be avoided at the option or election of the consumer;

c.      requiring Defendant to repay to Plaintiff and the Class Members all unlawfully collected funds; and

9

d.     requiring Defendant to seek and obtain a refund from the state of Florida for sales tax paid by Plaintiff and the Class Members on delivery fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that this Court certify this case as a class action and allow Plaintiff to pursue claims and relief described hereinabove on behalf of Plaintiff and all others similarly situated; that the Court certify the class identified above; that Plaintiff be awarded the maximum amount of damages allowed by applicable law; declaratory and injunctive relief, pre-judgment interest; for a trial by jury on all issues so triable; for attorneys' fees, costs; and all other appropriate relief.

## JURY DEMAND

Plaintiff, individually and on behalf of the Class, hereby demand a trial by jury.

DATED: July 24, 2024

                              Respectfully submitted,

                              **HIRALDO P.A.**

                              */s/ Manuel S. Hiraldo*
                              Manuel S. Hiraldo, Esq.
                              Florida Bar No. 030380
                              401 E. Las Olas Boulevard
                              Suite 1400
                              Ft. Lauderdale, Florida 33301
                              Email: mhiraldo@hiraldolaw.com
                              Telephone: 954.400.4713
                              *Counsel for Plaintiff and the Class*

# EXHIBIT A

**Redacted**



Redacted

## IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL
## CIRCUIT IN AND FOR ST. LUCIE COUNTY, FLORIDA

### CASE NO. 562024CA001358AXXXHC

MARK ROGOLINO, individually and
on behalf of all others similarly
situated,

        Plaintiff,

v.

WALMART, INC.

        Defendant.

_____/

**CLASS REPRESENTATION**

**JURY TRIAL DEMANDED**

### SUMMONS
### IMPORTANT

**To Each Sheriff of the State:**

YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in
this action on the following defendant:

        WALMART, INC through its Registered Agent CT CORPORATION SYSTEM
        124 West Capital Avenue, Suite 1900, Little Rock, AR 72201

Each defendant is required to serve written defenses to the complaint or petition on plaintiff's
attorney whose name and address is

        **EISENBAND LAW P.A.**
        Michael Eisenband
        515 E. Las Olas Boulevard,
        Suite 120
        Ft. Lauderdale, Florida 33301
        Email: MEisenband@Eisenbandlaw.com

within 20 days after service of this summons on that defendant, exclusive of the day of service,
and to file the original of the defenses with the clerk of this court (St.
Lucie County Courthouse) either before service on plaintiff's attorney or immediately
thereafter.   If a defendant fails to do so, a default will be entered against that defendant for
the relief demanded

1

in the complaint or petition.

WITNESS my hand and the seal of said Court on_____.

CLERK OF THE CIRCUIT COURT
ST. LUCIE COUNTY, FLORIDA


By:_____

Filing # 203265214 E-Filed 07/24/2024 03:38:32 PM

IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL
CIRCUIT IN AND FOR ST. LUCIE COUNTY, FLORIDA

CASE NO. 562024CA001358AXXXHC

MARK ROGOLINO, individually and
on behalf of all others similarly
situated,

        Plaintiff,

v.

WALMART, INC.

        Defendant.

_____/

CLASS REPRESENTATION

JURY TRIAL DEMANDED

### SUMMONS
### IMPORTANT

**To Each Sheriff of the State:**

YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in
this action on the following defendant:

        WALMART, INC through its Registered Agent CT CORPORATION SYSTEM
        124 West Capital Avenue, Suite 1900, Little Rock, AR 72201

Each defendant is required to serve written defenses to the complaint or petition on plaintiff's
attorney whose name and address is

        **EISENBAND LAW P.A.**
        Michael Eisenband
        515 E. Las Olas Boulevard,
        Suite 120
        Ft. Lauderdale, Florida 33301
        Email: MEisenband@Eisenbandlaw.com

within 20 days after service of this summons on that defendant, exclusive of the day of service,
and to file the original of the defenses with the clerk of this court (St.
Lucie County Courthouse) either before service on plaintiff's attorney or immediately
thereafter. If a defendant fails to do so, a default will be entered against that defendant for
the relief demanded

1

in the complaint or petition.

WITNESS my hand and the seal of said Court on _____*7/25/2024*_____.


MICHELLE R. MILLER, CLERK OF CIRCUIT COURT AND COMPTROLLER

CLERK OF THE CIRCUIT COURT
ST. LUCIE COUNTY, FLORIDA


By: _____

2



**CT Corporation**
**Service of Process Notification**
07/25/2024
CT Log Number 546964188

## Service of Process Transmittal Summary

**TO:**    KIM LUNDY- EMAIL
Walmart Inc.
GLOBAL GOVERNANCE/CENTRAL INTAKE, 2914 SE I STREET MS#0200
BENTONVILLE, AR 72712-3148

**RE:**    **Process Served in Arkansas**

**FOR:**    WALMART INC.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | BRANDON LIEBER, individually and on behalf of all others similarly situated vs. WALMART, INC.<br>Name discrepancy noted. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint |
| **COURT/AGENCY:** | St Lucie County Circuit Court, FL<br>Case # 562024CA001358AXXXHC |
| **NATURE OF ACTION:** | Summons and Complaint - It is a violation of the FTSA to initiate an outbound telephone call, text message, or voicemail transmission to a consumer, business, or donor or potential donor who has previously communicated to the person that he or she does not wish to receive an outbound call, text message, or voicemail transmission |
| **PROCESS SERVED ON:** | CT Corporation System, Little Rock, AR |
| **DATE/METHOD OF SERVICE:** | By Process Server on 07/25/2024 at 12:25 |
| **JURISDICTION SERVED:** | Arkansas |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days after service, exclusive of the day of service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S)/SENDER(S):** | Michael Eisenband<br>EISENBAND LAW P.A.<br>515 E. Las Olas Boulevard,<br>Suite 120<br>Ft. Lauderdale, FL 33301<br>954-533-4092 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 07/26/2024, Expected Purge Date: 08/05/2024<br><br>Image SOP |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>320 S. Izard Street<br>Little Rock, AR 72201<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |



**CT Corporation**
**Service of Process Notification**
07/25/2024
CT Log Number 546964188

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:** Thu, Jul 25, 2024

**Server Name:** Drop Service

| Entity Served | WALMART INC. |
|---|---|
| Case Number | 562024CA001358AXXXHC |
| Jurisdiction | AR |

| Inserts | | |
|---|---|---|
| | | |



IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL
CIRCUIT IN AND FOR ST. LUCIE COUNTY, FLORIDA

CASE NO. 562024CA001358AXXXHC

MARK ROGOLINO, individually and
on behalf of all others similarly
situated,

**CLASS REPRESENTATION**

Plaintiff,

**JURY TRIAL DEMANDED**

v.

WALMART, INC.

Defendant.

_____/

## SUMMONS
## IMPORTANT

**To Each Sheriff of the State:**

YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on the following defendant:

WALMART, INC through its Registered Agent CT CORPORATION SYSTEM
124 West Capital Avenue, Suite 1900, Little Rock, AR 72201

Each defendant is required to serve written defenses to the complaint or petition on plaintiff's attorney whose name and address is

**EISENBAND LAW P.A.**
Michael Eisenband
515 E. Las Olas Boulevard,
Suite 120
Ft. Lauderdale, Florida 33301
Email: MEisenband@Eisenbandlaw.com

within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court (St. Lucie County Courthouse) either before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded

1

in the complaint or petition.

WITNESS my hand and the seal of said Court on _____ *7/25/2024* _____ .

MICHELLE R. MILLER, CLERK OF CIRCUIT COURT AND COMPTROLLER
CLERK OF THE CIRCUIT COURT
ST. LUCIE COUNTY, FLORIDA

By: _____

2

IN THE CIRCUIT COURT OF THE SEVENTH JUDICIAL CIRCUIT
IN AND FOR VOLUSIA COUNTY, FLORIDA

CASE NO.

BRANDON LIEBER,
individually and
on behalf of all others similarly situated,

**CLASS REPRESENTATION**

Plaintiff,

**JURY TRIAL DEMANDED**

v.

WALMART, INC.,

Defendant.

_____/

## CLASS ACTION COMPLAINT

Plaintiff Brandon Lieber brings this class action against Walmart, Inc., and alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

## NATURE OF THE ACTION

1.    This is a putative class action pursuant to the Florida Telephone Solicitation Act ("FTSA"), Fla. Stat. § 501.059.

2.    In violation of the FTSA, Defendant continues to send prerecorded messages individuals after they have requested for the messages to stop.

3.    Defendant's unsolicited text message spam caused Plaintiff and the Class members harm, including time wasted in responding to the messages and attempting to stop the messages, violations of their statutory rights, trespass, annoyance, nuisance, invasion of their privacy, and intrusion upon seclusion. Defendant's text messages also occupied storage space on Plaintiff's and the Class members' telephones.

1

4.      Through this action, Plaintiff seeks an injunction and actual liquidated damages on behalf of herself and the Class members, as defined below, and any other available legal or equitable remedies resulting from the unlawful actions of Defendant.

## PARTIES

5.      Plaintiff is, and at all times relevant hereto was, a citizen and resident of Volusia County, Florida.

6.      Plaintiff is, and at all times relevant hereto was, an individual and a "called party" as defined by Fla. Stat. § 501.059(1)(a) in that Plaintiff was the regular user of cellular telephone number that received Defendant's telephonic sales calls.

7.      Defendant is, and at all times relevant hereto was, a foreign corporation and a "telephone solicitor" as defined by Fla. Stat. § 501.059(f)

## JURISDICTION AND VENUE

8.      This Court has subject matter jurisdiction pursuant to Florida Rule of Civil Procedure 1.220 and Fla. Stat. § 26.012(2). The matter in controversy exceeds the sum or value of $30,000 exclusive of interest, costs, and attorney's fees.

9.      Defendant is subject to personal jurisdiction in Florida because this suit arises out of and relates to Defendant's contacts with this state.   Defendant initiated and directed text messages into Florida. Specifically, Defendant initiated and directed the transmission of unsolicited text messages to Plaintiff's cellular telephone number and Plaintiff received such messages while residing in and physically present in Florida

10.      Venue for this action is proper in this Court pursuant to Fla. Stat. § 47.051 because the cause of action accrued in this County.

## FACTS

2

11.   Commencing or about November 17, 2022, Defendant sent Plaintiff the following text messages to which Plaintiff respond with multiple "stop" requests as depicted below. Defendant continued to text message Plaintiff for over five months after the first "stop" opt-out instruction.







12.     Plaintiff is the regular user of the telephone number that received the above text messages.

13.     Plaintiff was in Florida when he received the above text messages.

14.     Upon information and belief, Defendant maintains and/or has access to outbound transmission reports for all text messages sent. These reports show the dates, times, target telephone numbers, and content of each message sent to Plaintiff and the Class members.

15.     Defendant's unsolicited text message spam caused Plaintiff and the Class members harm, including time wasted in responding to the messages and attempting to stop the messages, violations of their statutory rights, trespass, annoyance, nuisance, invasion of their privacy, and intrusion upon seclusion. Defendant's text messages also occupied storage space on Plaintiff's and the Class members' telephones.

**CLASS ALLEGATIONS**

5

**PROPOSED CLASS**

16. Plaintiff brings this lawsuit as a class action on behalf of Plaintiff individually and on behalf of all other similarly situated persons as a class action pursuant to Florida Rule of Civil Procedure 1.220(b)(2) and (b)(3). The Classes that Plaintiff seeks to represent are defined as:

> **All persons within Florida who received any text message from or on behalf of Defendant *after* communicating to Defendant that they did not wish to receive text messages by replying to the messages with a "stop" or similar opt-out instruction.**

17. Defendant and its employees or agents are excluded from the Classes.

18. The timeframe for the proposed classes is July 1, 2021 through the date of class certification.

**NUMEROSITY**

19. Plaintiff is informed and believes that Defendant sent text messages to at least 50 persons that fall within the defined class. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

20. Identification of the Class members is a matter capable of ministerial determination from Defendant's outbound and inbound text message records.

**COMMON QUESTIONS OF LAW AND FACT**

21. There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are:

> (a) Whether Defendant sent text messages to Plaintiff and the Class members;
>
> (b) Whether Defendant sent text messages to individuals who had requested not to receive calls; and
>
> (c) Whether Defendant is liable for damages, and the amount of such damages.

6

22.     The common questions in this case are capable of having common answers, and Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

### TYPICALITY

23.     Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

### PROTECTING THE INTERESTS OF THE CLASS MEMBERS

24.     Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

### SUPERIORITY

25.     A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. The individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

26.     The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

7

## COUNT I
### Violation of Fla. Stat. § 501.059
### (On Behalf of Plaintiff and the Class)

27.     Plaintiff re-alleges and incorporates the allegations set forth in paragraphs 1 through 26 as if fully set forth herein.

28.     It is a violation of the FTSA to initiate an outbound telephone call, text message, or voicemail transmission to a consumer, business, or donor or potential donor who has previously communicated to the person that he or she does not wish to receive an outbound call, text message, or voicemail transmission. Fla. Stat. § 501.059(5) (a), (b).

29.     Plaintiff and the Class Members made requests to Defendant not to receive text messages from Defendant.

30.     Defendant failed to honor Plaintiff and the Class members' requests.

31.     In violation of the FTSA, Defendant made and/or knowingly allowed outbound text messages to Plaintiff and the Class members, after they had previously communicated to Defendant that he or she did not wish to receive any text messages from Defendant.

32.     As a result of Defendant's conduct, and pursuant to § 501.059(10)(a) of the FTSA, Plaintiff and Class members were harmed and are each entitled to a minimum of $500.00 in damages for each violation.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

8

a) An order certifying this case as a class action on behalf of the Class as defined above, and appointing Plaintiff as the representative of the Class and Plaintiff's counsel as Class Counsel;

b) An award of actual liquidated damages for Plaintiff and each member of the Class as applicable under the FTSA;

c) An order declaring that Defendant's actions, as set out above, violate the FTSA;

d) Such further and other relief as the Court deems necessary.

## JURY DEMAND

Plaintiff, individually and on behalf of the Class, hereby demand a trial by jury.

DATED: June 27, 2023

Respectfully submitted,

**HIRALDO P.A.**

*/s/ Manuel S. Hiraldo*
Manuel S. Hiraldo, Esq.
Florida Bar No. 030380
401 E. Las Olas Boulevard
Suite 1400
Ft. Lauderdale, Florida 33301
Email: mhiraldo@hiraldolaw.com
Telephone: 954.400.4713

**EISENBAND LAW. P.A.**
*/s/Michael Eisenband*
Michael Eisenband
Florida Bar Number 94235
515 E las Olas Blvd. Ste 120,
Fort Lauderdale, FL 33301
MEisenband@Eisenbandlaw.com
954-533-4092


*Counsel for Plaintiff and the Class*

IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL
CIRCUIT IN AND FOR ST. LUCIE COUNTY, FLORIDA

### CASE NO. 562024CA001358AXXXHC

MARK ROGOLINO, individually and
on behalf of all others similarly
situated,

                               **CLASS REPRESENTATION**

       Plaintiff,                       **JURY TRIAL DEMANDED**

v.

WALMART, INC.

       Defendant.

_____/

### ALIAS
### SUMMONS
### IMPORTANT

**To Each Sheriff of the State:**

YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on the following defendant:

           WALMART, INC through its Registered Agent CT CORPORATION SYSTEM
           124 West Capital Avenue, Suite 1900, Little Rock, AR 72201

Each defendant is required to serve written defenses to the complaint or petition on plaintiff's attorney whose name and address is

        **EISENBAND LAW P.A.**
        Michael Eisenband
        515 E. Las Olas Boulevard,
        Suite 120
        Ft. Lauderdale, Florida 33301
        Email: MEisenband@Eisenbandlaw.com

within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court (St. Lucie County Courthouse) either before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded

1

in the complaint or petition.

WITNESS my hand and the seal of said Court on_____.


CLERK OF THE CIRCUIT COURT
ST. LUCIE COUNTY, FLORIDA


By:_____

**IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL
CIRCUIT IN AND FOR ST. LUCIE COUNTY, FLORIDA**

**CASE NO. 562024CA001358AXXXHC**

MARK ROGOLINO, individually and
on behalf of all others similarly
situated,                                                                **CLASS REPRESENTATION**

      Plaintiff,                                                     **JURY TRIAL DEMANDED**

v.

WALMART, INC.

      Defendant.

_____/

**ALIAS
SUMMONS
IMPORTANT**

**To Each Sheriff of the State:**

YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on the following defendant:

      WALMART, INC through its Registered Agent CT CORPORATION SYSTEM
      124 West Capital Avenue, Suite 1900, Little Rock, AR 72201

Each defendant is required to serve written defenses to the complaint or petition on plaintiff's attorney whose name and address is

      **EISENBAND LAW P.A.**
      Michael Eisenband
      515 E. Las Olas Boulevard,
      Suite 120
      Ft. Lauderdale, Florida 33301
      Email: MEisenband@Eisenbandlaw.com

within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court (St. Lucie County Courthouse) either before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded

1

in the complaint or petition.

WITNESS my hand and the seal of said Court on _____ *8/22/2024* _____ .

MICHELLE R. MILLER, CLERK OF CIRCUIT COURT AND COMPTROLLER
CLERK OF THE CIRCUIT COURT
ST. LUCIE COUNTY, FLORIDA

By:_____

 **Wolters Kluwer**

**CT Corporation**
**Service of Process Notification**
08/23/2024
CT Log Number 547170633

## Service of Process Transmittal Summary

**TO:**  KIM LUNDY- EMAIL
Walmart Inc.
GLOBAL GOVERNANCE/CENTRAL INTAKE, 2914 SE I STREET MS#0200
BENTONVILLE, AR 72712-3148

**RE:**  **Process Served in Arkansas**

**FOR:**  WALMART INC.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | ROGOLINO MARK, individually and on behalf of all others similarly situated vs. WALMART, INC. |
| **DOCUMENT(S) SERVED:** | Alias Summons, Complaint, Exhibit(s) |
| **COURT/AGENCY:** | St. Lucie County - Circuit Court, FL<br>Case # 562024CA001358AXXXHC |
| **NATURE OF ACTION:** | Summons and Complaint - This is a class action for damages, and for injunctive and declaratory relief to stop Defendant from charging and collecting sales tax on delivery fees from customers who order goods from Defendant in Florida when the fee could have been avoided by the decision or action of the customer. |
| **PROCESS SERVED ON:** | CT Corporation System, Little Rock, AR |
| **DATE/METHOD OF SERVICE:** | By Process Server on 08/23/2024 at 11:55 |
| **JURISDICTION SERVED:** | Arkansas |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days after service, exclusive of the day of service (Document(s) may contain additional answer date) |
| **ATTORNEY(S)/SENDER(S):** | Michael Eisenband<br>Eisenband Law P.A.<br>515 E. Las Olas Boulevard, Suite 120<br>Ft. Lauderdale, FL 33301 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 08/23/2024, Expected Purge Date: 08/28/2024<br><br>Image SOP |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>320 S. Izard Street<br>Little Rock, AR 72201<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the



**CT Corporation**
**Service of Process Notification**
08/23/2024
CT Log Number 547170633

included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

 Wolters Kluwer

# PROCESS SERVER DELIVERY DETAILS

**Date:**                       Fri, Aug 23, 2024
**Server Name:**            Drop Service

| Entity Served | WALMART INC. |
|---|---|
| Case Number | 562024CA001358AXXXHC |
| Jurisdiction | AR |

| Inserts | | |
|---|---|---|
| | | |



IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL
CIRCUIT IN AND FOR ST. LUCIE COUNTY, FLORIDA

### CASE NO. 562024CA001358AXXXHC

MARK ROGOLINO, individually and
on behalf of all others similarly
situated,

        Plaintiff,

v.

WALMART, INC.

        Defendant.

_____/

**CLASS REPRESENTATION**

**JURY TRIAL DEMANDED**

## ALIAS
## SUMMONS
## IMPORTANT

**To Each Sheriff of the State:**

YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on the following defendant:

      WALMART, INC through its Registered Agent CT CORPORATION SYSTEM
      124 West Capital Avenue, Suite 1900, Little Rock, AR 72201

Each defendant is required to serve written defenses to the complaint or petition on plaintiff's attorney whose name and address is

        **EISENBAND LAW P.A.**
        Michael Eisenband
        515 E. Las Olas Boulevard,
        Suite 120
        Ft. Lauderdale, Florida 33301
        Email: MEisenband@Eisenbandlaw.com

within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court (St. Lucie County Courthouse) either before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded

in the complaint or petition.

WITNESS my hand and the seal of said Court on _____ *8/22/2024* _____.

MICHELLE R. MILLER, CLERK OF CIRCUIT COURT AND COMPTROLLER
CLERK OF THE CIRCUIT COURT
ST. LUCIE COUNTY, FLORIDA

By: _____

2

IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
IN AND FOR ST. LUCIE COUNTY, FLORIDA

CASE NO.

MARK ROGOLINO,
individually and
on behalf of all others similarly situated,

                                 **CLASS REPRESENTATION**

       Plaintiff,

                                   **JURY TRIAL DEMANDED**

v.

WALMART, INC.,

       Defendant.

_____/

## CLASS ACTION COMPLAINT

Plaintiff Mark Rogolino brings this class action against Defendant Walmart, Inc., and alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

## NATURE OF THE ACTION

1.     This is a class action for damages, and for injunctive and declaratory relief to stop Defendant from charging and collecting sales tax on delivery fees from customers who order goods from Defendant in Florida when the fee could have been avoided by the decision or action of the customer.

2.     In Florida, sales tax may only be imposed on the total sales price of taxable tangible property. The sales price is the total amount paid for tangible goods, including services that are part of the sale.

3.     However, when a customer has the option to either pick up the goods or have the goods delivered by the seller, a seller may not legally charge sales tax on a separate charge for delivery.

1

4.     In violation of Florida law, Defendant charged Plaintiff and the Class Members, and continues to charge them, sales tax on delivery fees.

5.     Defendant's violations of Florida law caused Plaintiff and the Class Members harm in the amount of the unlawfully collected taxes.

6.     Plaintiff seeks, on behalf of Plaintiff and each member of the proposed Class, damages, reasonable attorney's fees and other litigation costs reasonably incurred, and such other equitable relief as the court determines appropriate, including injunctive and declaratory relief.

## PARTIES

7.     Plaintiff is, and at all times relevant hereto was, a citizen and resident of St. Lucie County, Florida.

8.     Defendant is, and at all times relevant hereto was, a foreign corporation that regularly transacts business throughout the state of Florida.

## JURISDICTION AND VENUE

9.     This Court has subject matter jurisdiction pursuant to Florida Rule of Civil Procedure 1.220 and Fla. Stat. § 26.012(2). The matter in controversy exceeds the sum or value of $30,000 exclusive of interest, costs, and attorney's fees.

10.    Defendant is subject to personal jurisdiction in Florida because it transacts business throughout the state of Florida, and its violations alleged herein occurred in part within and/or were directed at Florida.

11.    Venue for this action is proper in this Court pursuant to Fla. Stat. § 47.051 because the cause of action accrued in this County.

## FACTS

12.     Defendant operates brick-and-mortar and online marketplaces that sell a variety of consumer products and goods.

13.     Consumers who make purchases from Defendant may have those products delivered to their home or have the option to pick up the products from one of Defendant's store locations.

14.     If Defendant delivers an order to a customer's home, it will charge a delivery fee that is separately stated on the billing documentation or receipt.  If a customer elects to pick up the order, there is no delivery charge levied.

15.     Defendant collects, and continues to collect, sales tax on delivery fees from customers to whom it delivers its goods.

16.     When sales tax has been charged on a delivery fee, Defendant generates a receipt showing a separately stated delivery fee and a total tax due, which total includes a sales tax on the delivery fee.

17.     Such was the case with Plaintiff who, on or about November 24, 2023, while in Florida, placed an order with Defendant. At the time of purchase, Plaintiff was given the option to have the product delivered or to pick it up at one of Defendant's store locations. Plaintiff selected the option to have the product delivered to his home.

18.     As reflected in the invoices attached as **Exhibit A**, Defendant charged Plaintiff a delivery charge stated as separate line item in the amount of $19.95.

19.     The applicable sales tax rate for Plaintiff's purchase was 7%.

20.     Under Florida law, it is unlawful to charge and collect sales tax on a delivery fee when the customer, at his or her option, can avoid the fee by picking up the product or good purchased. *See*

3

*Department of Revenue v. B & L Concepts, Inc.,* 612 So.2d 720 (Fla. 5th DCA 1993); Rule 12A-1.045 of the Florida Administrative Code.

21.     Defendant was therefore only permitted to charge sales tax on the price of the tangible goods it sold to Plaintiff. Instead, in violation of Florida law, Defendant collected sales tax applied to the optional delivery fee.

22.     Upon information and belief, Defendant has unlawfully charged thousands of dollars, if not more, in taxes on optional delivery charges to consumers throughout the state of Florida.

23.     Plaintiff intends to make additional online purchases from Defendant in the future.

24.     Defendant knows or should know that its practice of charging sales tax on delivery fees is unlawful, but nevertheless continues to charge Florida consumers sales tax on delivery fees in violation of Florida law.

25.     In the alternative, Defendant's decision to charge and to continue to charge and collect sales tax on separately stated and avoidable delivery fees was so reckless or wanting in care that it constituted a conscious disregard or indifference to the rights of Plaintiff and the Class Members.

26.     Defendant has collected from its customers, and will continue to collect, thousands of dollars in sales taxes on separately stated and avoidable delivery fees.

27.     Moreover, some of the taxes collected by Defendant have not yet been paid to the state of Florida, and Defendant remains in possession and control of the unlawfully collected taxes.

## CLASS ALLEGATIONS

### PROPOSED CLASS

28.     Plaintiff brings this lawsuit as a class action on behalf of Plaintiff individually and on behalf of all other similarly situated persons as a class action pursuant to Florida Rule of Civil Procedure 1.220(b)(2) and (b)(3). The Class that Plaintiff seeks to represent is defined as:

4

> **All persons in Florida who, during the four years prior to the filing of this lawsuit, was charged by Defendant and paid sales tax on a delivery fee that was separately stated on an invoice or receipt when the person had the option to pick up the order at one of Defendant's locations in Florida.**

29.   Defendant and its employees or agents are excluded from the Class.

### NUMEROSITY

30.   Plaintiff is informed and believes that there are at least 50 class members given the volume of consumer transactions completed by Defendant throughout Florida during the relevant time period.

31.   Identification of the Class members is a matter capable of ministerial determination from Defendant's purchase and invoice records.

### COMMON QUESTIONS OF LAW AND FACT

32.   There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are:

   (a) Whether Defendant is permitted to collect sales tax on separately stated delivery fees that are avoidable at the option of the consumer;

   (b) Whether Plaintiff and the Class Members were and continue to be charged sales tax on separately stated delivery fees that could have been avoided at their option;

   (c) Whether Defendant has acted negligently and/or recklessly; and

   (d) Whether Defendant should be enjoined from further unlawfully collecting taxes from Plaintiff and the Class Members;

33.     The common questions in this case are capable of having common answers, and Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

### TYPICALITY

34.     Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

### PROTECTING THE INTERESTS OF THE CLASS MEMBERS

35.     Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

### SUPERIORITY

36.     A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

37.     The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Classes, although certain class members are not parties to such actions.

6

## COUNT I
## NEGLIGENCE
### (On Behalf of Plaintiff and the Class)

38.     Plaintiff re-alleges and re-incorporates paragraphs 1 – 37.

39.     Rule 12A-1.045 of the Florida Administrative Code provides:

> "Transportation charges" include carrying, delivery, freight, handling, pick-up, shipping and other similar charges or fees.
>
> \*          \*          \*
>
> 4(a)    The charge for transportation services is not subject to tax when both of the following conditions have been met:
>
> 1.     The charge is separately stated on an invoice or bill of sale; and
>
> 2.     The charge can be avoided by a decision or action solely on the part of the purchaser. . . .

40.     Defendant gave Plaintiff and the Class Members the option of picking up their orders or having their orders delivered.

41.     Plaintiff and the Class Members opted for their purchases to be delivered.

42.     Defendant included a delivery fee on Plaintiff's and the Class Members' orders and charged sales tax on the delivery fees.

43.     The additional sales tax Defendant charged Plaintiff and the Class Members was in violation of Florida law.

44.     Defendant owed Plaintiff and the Class Members a duty to exercise reasonable care to determine, represent, and charge the correct amount of sales tax on goods and services delivered to its customers.

45. Defendant was negligent and breached its duty of reasonable care to Plaintiff and the Class Members by:

        a.      charging and collecting sales tax on separately stated and avoidable delivery fees and failing to halt the practice;

        b.      misrepresenting to Plaintiff and the Class Members that sales tax was lawfully due on delivery fees when they had the option to avoid the fee;

        c.      failing to represent that the invoiced sales tax figure for delivery included a sales tax on the delivery fee; and

        d.      determining that delivery fees were taxable in Florida.

46. As a direct and proximate result of Defendant's negligence, Plaintiff and the Class Members paid sales tax on non-taxable services.

47. Plaintiff and the Class Members were harmed by Defendant's negligence in the amounts of the unlawfully collected taxes, and seek compensatory and punitive damages, including pre-judgment interest, and costs of this action and demands trial by jury of all matters triable as of right by a jury.

## COUNT II
## DECLARATORY AND INJUNCTIVE RELIEF
### (On Behalf of Plaintiff and the Class)

48. Plaintiff re-alleges and re-incorporates paragraphs 1 – 37.

49. Plaintiff and the Class Members are customers who have made, and intend to continue to make, purchases from Defendant in the future.

50. Defendant has charged and collected, and continues to charge and collect, sales tax on delivery fees from Plaintiff and the Class Members.

51. Defendant has in its possession and control some of the unlawfully collected taxes, and has the ability to seek a reimbursement of the other amounts not in its possession.

8

52.     Florida Administrative Code 12A-1.045 precludes sales tax from being charged on delivery services of goods where the purchaser has the option of picking put the goods or having the good delivered by the seller.

53.     Defendant gives Plaintiff and the Class Members the option of picking up orders at the location where the order is made or having the order delivered.  If Plaintiff and the Class Members opt for delivery, Defendant adds a delivery fee to the order and charges sales tax on the fee.  The additional sales tax is charged in violation of Florida law.

54.     Pursuant to Rule 12A-1.014(4) of the Florida Administrative Code, Plaintiff and the Class Members are prohibited from seeking a refund for taxes overpaid to Defendant.

55.     Instead, only the entity that collected and paid the sales tax to the state of Florida (i.e., Defendant) may seek a refund.

56.     In order to seek a refund for the overpaid sales tax paid by Plaintiff and the Class Members, Defendant must first refund Plaintiff and the Class Members.  Once Defendant has refunded Plaintiff and the Class Members, Defendant may seek a refund, plus interest.

57.     Accordingly, there is no other remedy available to Plaintiff and the Class Members.

58.     Plaintiff and the Class Members, seek the following declaratory, affirmative injunctive relief, and permanent injunctive relief:

> a.     declaring unlawful Defendant's practice of charging or collecting sales tax in Florida on delivery fees that are separately stated on an invoice and that can be avoided at the option or election of the consumer;
>
> b.     enjoining Defendant from charging or collecting sales tax in Florida on delivery fees that are separately stated on an invoice and can be avoided at the option or election of the consumer;
>
> c.     requiring Defendant to repay to Plaintiff and the Class Members all unlawfully collected funds; and

9

      d.     requiring Defendant to seek and obtain a refund from the state of Florida for sales tax paid by Plaintiff and the Class Members on delivery fees.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that this Court certify this case as a class action and allow Plaintiff to pursue claims and relief described hereinabove on behalf of Plaintiff and all others similarly situated; that the Court certify the class identified above; that Plaintiff be awarded the maximum amount of damages allowed by applicable law; declaratory and injunctive relief, pre-judgment interest; for a trial by jury on all issues so triable; for attorneys' fees, costs; and all other appropriate relief.

## **JURY DEMAND**

Plaintiff, individually and on behalf of the Class, hereby demand a trial by jury.

DATED: July 24, 2024

                  Respectfully submitted,

                  **HIRALDO P.A.**

                  */s/ Manuel S. Hiraldo*
                  Manuel S. Hiraldo, Esq.
                  Florida Bar No. 030380
                  401 E. Las Olas Boulevard
                  Suite 1400
                  Ft. Lauderdale, Florida 33301
                  Email: mhiraldo@hiraldolaw.com
                  Telephone: 954.400.4713
                  *Counsel for Plaintiff and the Class*

# EXHIBIT A



**Redacted**

☰  ✳  Search Walmart 🔍  🛒 $750.00

## Nov 24, 2023 order

Order# 2000115-94643513

Have an issue with your order?  Get help



Delivery from store
**Delivered on Nov 24**

**Address**

mark rogolino

**Redacted**

Delivery instructions ⌄

1 item received ⌃

OFF! Active Insect Repellent
I. Long-lasting Sweat...
Count Per Pack: 1
$1.07/oz
Qty 1

$6.44

Add to cart

☆ Write a review

**Reorder all**

🖃 Payment method

**Redacted**                     $32.24

Subtotal                         $6.44

Express delivery                 $19.95

Tax                              $1.85

Driver tip                       $4.00

**Total**                        **$32.24**

**Charge history**
Your transaction activity for this
order                            >

Order# 2000115-94643513



**Redacted**

We'd love to hear what you think!

# RETURN OF SERVICE

| | | |
|---|---|---|
| **State of Florida** | **County of Saint Lucie** | **Circuit Court** |

Case Number: 562024CA001358AXXXHC

Plaintiff:
**MARK ROGOLINO, INDIVIDUALLY AND
ON BEHALF OF ALL OTHERS SIMILARLY
SITUATED,**

vs.

Defendant:
**WALMART, INC.**

For:
Michael Eisenband
Eisenband Law, P.A.
515 E Las Olas Blvd
Suite 120
Fort Lauderdale, FL 33301

Received by L & L Process, LLC. on the 22nd day of August, 2024 at 5:10 pm to be served on **WALMART, INC REGISTERED AGENT: CT CORPORATION SYSTEM, 124 WEST CAPITAL AVE, SUITE 1900, LITTLE ROCK, AR 72201**.

I, David McCreery, do hereby affirm that on the **23rd day of August, 2024 at 11:50 am, I:**

served a **CORPORATION** by delivering a true copy of the **Alias Summons and Class Action Complaint** with the date and hour of service endorsed thereon by me, to: **KAREN PRICE** as **AUTHORIZED/CLERK** for **WALMART, INC**, at the address of: **320 S IZARD ST, LITTLE ROCK, AR 72201**, and informed said person of the contents therein, in compliance with state statutes.

**Description** of Person Served: Age: 60, Sex: F, Race/Skin Color: WHITE, Height: 5'4", Weight: 170, Hair: RED, Glasses: -

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served. Under penalty of perjury, I declare that I have read the foregoing documents, and that the facts stated in it are true. NO NOTARY REQUIRED PURSUANT TO F.S.92.525(2)

David McCreery
Process Server #1

**L & L Process, LLC.
13876 SW 56 Street
Suite 200
Miami, FL 33175
(305) 772-8804**

Our Job Serial Number: LLP-2024003556